IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARMAINE PFENDER, 007423, )
    Petitioner, )
     )
    v. ) 2:12-cv-648
     )
RHONDA WINSTEAD, et al., )

MEMORANDUM and ORDER

Charmaine Pfender and inmate at the State Correctional Institution at Cambridge Springs has presented a petition for a writ of habeas corpus which she has been granted leave to prosecute in forma pauperis

Pfender is presently serving a life sentence with consecutive additional sentences imposed following her conviction, by a jury, of first degree murder, aggravated assault, unlawful restrain, criminal conspiracy and violation of the uniform firearms act at Nos. CP-02-CR-8550-1984 and CP-02-CR-8537-1984 in the Court of Common Pleas of Allegheny County Pennsylvania. This sentence was imposed on October 25, 1985.

However, this is not the first federal challenge that the petitioner has directed at these convictions. Pfender filed a habeas action in this Court which was filed at No. 00-1092 on June 2, 2000. On September 11, 2000 that petition was dismissed as time barred and on August 7, 2001, the Court of Appeals for the Third Circuit denied a request for a certificate of appealability. The instant petition was executed on May 9, 2012, and in it she seeks to challenge these same convictions.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

(A) Before a second or successive application permitted by this section is filed in

the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C.§ 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals. Accordingly, the instant petition will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 16th day of May, 2012, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. §1631 as a successive petition.

    s/ Robert C. Mitchell  
    United States Magistrate Judge